Battle, J.
 

 "We are unable to discover any equity in the transactions disclosed by the pleadings and proof, that entitles the plaintiffs to the injunctive relief which they seek. The allegation, that the plaintiff at law, Charles Luterloh,
 
 *344
 
 took the endorsement of the note, in question, without consideration, and merely for the purpose of giving jurisdiction to the court of pleas and quarter sessions for Cumberland county, is positively denied in his answer, and, on the contrary, he avers that he took it
 
 bona fide
 
 and for a valuable 'consideration. His right to recover on it, at law, is fully sustained by the recent case of
 
 McArthur
 
 v.
 
 McLeod,
 
 6 Jones, 476.
 

 The authority of Thomas Lambert to bind his partner by signing the note in the name of the firm, for a debt of the firm, is unquestionable. The partners would be bound in such a case, even though the particular note was signed by one partner without the consent and against the wishes of the other;
 
 Wharton
 
 v.
 
 Woodburn,
 
 4 Dev. and Bat. 507;
 
 Dickson
 
 v.
 
 Alexander,
 
 7 Ired. 4.
 

 Had the note been obtained by fraud in
 
 the factum,
 
 that would have been a good defense, at law, and could not after-wards be brought forward for the purposes of an injunction in equity ;
 
 Tysor
 
 v.
 
 Luterloh,
 
 4 Jones’ Eq. 247.
 

 The objection to the validity of the judgment, as to Partin, urged by him, on the ground, that he was not a party to the suit at law, because no process had been served on him,, is very clearly one to be used at law, and cannot be made available in equity. The proper course to be pursued in such case, is to apply to the court in which the judgment was rendered, for the purpose of having it set aside on motion. Whenever that, or any other complete remedy can be given, at law, a court of equity will not interfere ;
 
 Parker
 
 v.
 
 Jones, 5
 
 Jones’ Eq. 276. The injunction must be dissolved and the bill dismissed.
 

 Pee Cueiam, Bill dismissed.